UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

**ORDER**
01-CR-1343-1 (WFK)

DAQUAN MAJOR,

Defendant.
-----------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**
Defendant was convicted in 2003 of all counts in a six-count Superseding Indictment. Defendant was sentenced to 276 months of imprisonment on Counts One, Two, Three and Five; 120 months' imprisonment on Count Four, to run consecutively to all other counts; 120 months' imprisonment on Count Six, to run concurrently with Counts One, Two, Three and Five; and five years of supervised release. Currently pending before this Court is Defendant's motion for a certificate of appealability. For the following reasons, Defendant's motion is DENIED.

## BACKGROUND

I.   Defendant's Trial and Conviction

Following a jury trial before the Honorable David Trager, Defendant was convicted on December 8, 2003 of all counts in a six-count Superseding Indictment. Minute Entry, ECF No. 136; Presentence Investigation Report ("PSR") ¶ 1. Count One charged that between November 1999 and September 2000, Defendant and others conspired to distribute and possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A). Count Two charged that on March 25, 2000, Defendant and others, while engaged in drug trafficking, murdered an individual named Ramel Flowers, in violation of 21 U.S.C. § 848(e)(1)(A). Count Three charged that on March 25, 2000, Defendant and others, while engaged in drug trafficking, conspired to kill members of the Yanni Crew, resulting in the murder of Flowers, in violation of 21 U.S.C. §§ 846 and 848(e)(1)(A). Count Four charged that on March 25, 2000, Defendant and others, while engaged in drug trafficking, discharged a firearm during a drug trafficking crime, to wit, the offense charged in Count One, and crimes of

violence, to wit, the offenses charged in Counts Two and Three, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Count Five charged that on March 25, 2000, Defendant and others, in the course of the offense charged in Count Four, caused the death of Flowers through the use of a firearm with malice aforethought and premeditation, in violation of 18 U.S.C. § 924(j)(1). Count Six charged that on March 20, 2000, Defendant, having previously been convicted of a felony, possessed a firearm, to wit, a .38 caliber revolver, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(1). PSR ¶¶ 2-7.

The evidence at trial established Defendant as a member of a group called the "Cream Team," which engaged in drug trafficking (specifically, the sale of crack cocaine) and was involved in numerous violent incidents in and around the Marlboro Housing Development in Brooklyn, New York, between early 1999 and September 2000. *Id.* ¶¶ 10-11. Defendant was considered both an "all star" and an "enforcer" of the Cream Team, who used violence and intimidation to protect the drug enterprise and its members. *Id.* Defendant personally purchased many of the weapons used by the Cream Team, and was involved in a number of assaults, robberies and gang-related shootings. *Id.* ¶¶ 12, 24-25, 27-29, 31-32, 40-43.

On March 20, 2000, police attempted to confront Defendant for his involvement in criminal activity. In response, Defendant jumped over a police car, pushed a woman, pulled a loaded gun on the police as he fled, and abandoned that weapon on the ground. *Id.* ¶ 30. On March 25, 2000, Defendant and other members of the Cream Team got into an altercation with Flowers, who was 19 years old at the time, and one of Defendant's fellow gang members subsequently shot him; Defendant took possession of the weapon following the shooting, and Flowers died several hours later. *Id.* ¶¶ 33-38.

2

With respect to Count Six, the Superseding Indictment did not allege Defendant knew he was a felon, and, consistent with the prevailing law at the time, the jury instructions at trial stated the jury did not have to find Defendant knew he was a felon. Significantly, however, whether Defendant knew of his status as a felon was not an issue under consideration at trial because Defendant not only did not contest his status as a felon, but he even stipulated he had been previously convicted of a felony.

After trial, Probation determined Defendant's total offense level was 43. PSR ¶ 94. Defendant's criminal history category was calculated as VI. *Id.* ¶ 109. Defendant was sentenced on April 20, 2006 by Judge Trager to a below-Guidelines sentence of 276 months of imprisonment on Counts One, Two, Three and Five; 120 months' imprisonment on Count Four, to run consecutively to all other counts; 120 months' imprisonment on Count Six, to run concurrently to Counts One, Two, Three and Five; and five years of supervised release. Judgment, ECF No. 189. Judgment was entered on May 2, 2006. *Id.*

## II. Defendant's Habeas Motions

Defendant filed an initial habeas corpus petition pursuant to 28 U.S.C. § 2255 in May 2009. ECF No. 226. That motion was subsequently docketed as *Major v. United States*, 09-CV-1846. The Honorable Kiyo A. Matsumoto issued a memorandum and order on August 2, 2011, denying Defendant's initial habeas motion. *See* 09-CR-1846, ECF No. 7.

Defendant filed a first successive habeas corpus petition pursuant to 28 U.S.C. § 2255 on December 4, 2012. ECF No. 271. Subsequently, the case was reassigned to this Court, and the motion was docketed as *Major v. United States*, 13-CV-7425. In May 2014, the Second Circuit denied the motion because it was a successive motion. 13-CV-7425, ECF No. 6.

Defendant filed his second successive habeas corpus petition on June 21, 2016; the Second Circuit granted this Court jurisdiction over the motion because it raised a claim under *Johnson v. United States*, 576 U.S. 591 (2015). Mandate, ECF No. 331. On October 7, 2019, Defendant filed a motion to amend the second successive habeas corpus petition, ECF No. 360 (the "Amended Mot."), which sought to add a claim based on *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Defendant did not otherwise file supplemental information in support of his *Johnson* claim. The government opposed the Amended Motion. Gov't Opp., ECF No. 366.

On November 4, 2021, by Decision and Order, this Court denied Defendant's (1) amended habeas corpus petition, (2) motion for compassionate release, and (3) motion for a reduced sentence under the First Step Act. ECF No. 389.

On November 16, 2021, Defendant timely appealed the denial of his habeas claims and the denial of his application for a reduced sentence. ECF No. 391. Currently pending before the Court is Defendant's motion for a certificate of appealability pursuant to 28 U.S.C. § 2253(c). ECF No. 392. Defendant seeks a certificate of appealability on two issues: (1) whether his challenge to Count Six of his conviction under *Rehaif* is reviewable as an amendment to his habeas petition and entitles him to relief; and (2) whether his convictions on Counts Four and Five are invalid under *Johnson* and *United States v. Davis*, 139 S. Ct. 2319 (2019).

## LEGAL STANDARD

A Certificate of Appealability ("COA") "is appropriate where the petitioner 'has made a substantial showing of the denial of a constitutional right.'" *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005) (quoting 28 U.S.C. § 2253(c)). A petitioner makes such a showing where "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or . . . the issues presented [are] adequate to deserve encouragement to proceed further."

4

*Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). This determination "requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). However, it "does not require a showing that the appeal will succeed." *Id.*

## DISCUSSION

### I. Defendant has failed to make a substantial showing of the denial of a constitutional right with respect to his *Rehaif* claim.

As the Court stated in its Decision & Order, ECF No. 389, Defendant's *Rehaif* claim is not cognizable on federal habeas review and is procedurally barred by 28 U.S.C. § 2255(h). On September 29, 2016, the Second Circuit granted Defendant's request to file a successive petition in light of the Supreme Court's decision in *Johnson*. *See* Mandate, ECF No. 331. Defendant subsequently moved to amend his § 2255 petition by adding a *Rehaif* claim, which the Court permitted then permitted the parties to brief. *See* Order, ECF No. 369. In its Decision & Order on Defendant's habeas petition, however, the Court denied Defendant's *Rehaif* claim.

Section 2255(h) permits "second or successive motion[s]" only when they have been "certified by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." In *Mata v. United States*, the Second Circuit wrote "specifically to clarify that claims based on the Supreme Court's decision in *Rehaif* do not come within the scope of § 2255(h)." 969 F.3d 91, 92 (2d Cir. 2020). Indeed, *Rehaif* "resolved only a question of statutory interpretation and did not announce a rule of constitutional law (much less a new one, or one that the Supreme Court has made retroactive on collateral review or that was previously unavailable)." *Id.* at 93.

In this case, Defendant's *Rehaif* claim is not cognizable on his successive habeas petition because it has not been properly certified by the Second Circuit. Nor could it be so certified; Defendant's *Rehaif* claim contains neither newly discovered evidence nor "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). The Court's decision to grant Defendant's motion to amend his petition in order to brief the *Rehaif* issue does not excuse these requirements. Accordingly, Defendant has failed to make a substantial showing of the denial of a constitutional right with respect to his *Rehaif* claim.

The Certificate of Appealability is therefore denied with respect to this claim.

## II.     Defendant has failed to make a substantial showing of the denial of a constitutional right with respect to his *Johnson* claim.

Defendant has failed to make a substantial showing of the denial of a constitutional right with respect to his convictions on Counts Four and Five. As noted, Count Four charged that on March 25, 2000, Defendant and others, while engaged in drug trafficking, discharged a firearm during a drug trafficking crime and crimes of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Count Five charged that on March 25, 2000, Defendant and others, in the course of the offense charged in Count Four, caused the death of Mr. Flowers through the use of a firearm with malice aforethought and premeditation in violation of 18 U.S.C. § 924(j)(1). Defendant challenges these convictions under *Johnson*. Specifically, Defendant challenges whether the murder conspiracy charged in Count Three constitutes a valid predicate for his convictions on Counts Four and Five.

In *Johnson*, the Supreme Court held that the portion of the Armed Career Criminal Act defining the term "violent felony" to include any felony that "involves conduct that presents a

6

serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. 135 S. Ct. at 2557–60. Then, in *Davis*, the Supreme Court narrowed the definition of a "crime of violence" for purposes of 18 U.S.C. § 924(c) and (j) by invalidating the residual clause definition set forth in 18 U.S.C. § 924(c)(3)(B). 139 S. Ct. 2319. Following *Davis*, "any person who, during and in relation to any crime of violence or drug trafficking crime . . ., uses or carries a firearm, . . . shall" receive an enhanced sentence. 18 U.S.C. § 924(c)(1)(A). A "crime of violence" is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Defendant alleges a conspiracy cannot constitute a "crime of violence" because "it is merely a criminal agreement" and so "does not categorically involve the use, attempted use, or threatened use of physical force." Amended Mot. ¶ 22.

As Defendant notes, following *Davis*, a murder conspiracy conviction may not form the predicate for an 18 U.S.C. § 924(c)(1)(A) offense. *See Sessa v. United States*, No. 20-2691, 2022 WL 1179901, at *1 (2d Cir. 2022) (Defendant's "murder conspiracy convictions are such non-qualifying predicates post-*Davis*."); *see also Stone v. United States*, 37 F.4th 825, 828 (2d Cir. 2022) ("[C]onspiracy to commit murder in aid of racketeering does not categorically qualify as a crime of violence.").

However, Counts Four and Five charge two predicate offenses: discharging a firearm during a drug trafficking crime *and* crimes of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Notably, neither *Johnson* nor *Davis* invalidated the "drug trafficking crime" element of 18 U.S.C. § 924(c)(1)(A). *See United States v. Heyward*, 3 F.4th 75, 81 (2d Cir. 2021) ("[A] § 924(c) conviction may be premised on a drug-trafficking crime, including conspiracies."). Defendant was convicted in Count Three of conspiracy to murder Mr. Flowers

7

while engaged in drug trafficking in violation of 21 U.S.C. §§ 846 and 848(e)(1)(A). Because this crime is a felony under the Controlled Substances Act, it remains a valid predicate for Counts Four and Five as a "drug trafficking crime" pursuant to § 924(c)(2).

Furthermore, Counts Four and Five each had three separate predicate "drug trafficking crimes" of which Defendant was convicted: Count One, conspiracy to possess and distribute cocaine; Count Two, murder while engaged in drug trafficking; and Count Three, murder conspiracy while engaged in drug trafficking. Defendant does not dispute Counts One and Two remain valid predicates for Counts Four and Five. As a result, Defendant's § 924(c)(1)(A) enhancement is properly predicated upon a drug trafficking crime.

Defendant also raises a *Yates* claim, arguing "it was 'impossible to tell which' predicate the jury selected in convicting" Defendant on Counts Four and Five. Def. Mot. for Certificate of Appealability at 2, ECF No. 392 (quoting *Griffin v. United States*, 502 U.S. 46, 52 (1991) (quoting *Yates v. United States*, 354 U.S. 298, 312 (overruled in part on other grounds by *Burks v. United States*, 437 U.S. 1 (1978))). "A *Yates* concern arises where disjunctive theories of culpability are submitted to a jury that returns a general verdict of guilty, and one of the theories was legally insufficient. In such circumstances, 'it is impossible to tell which ground the jury selected,' the legally sufficient ground or the insufficient one." *United States v. Agrawal*, 726 F.3d 235, 250 (2d Cir. 2013) (quoting *Yates*, 354 U.S. at 312) (citation, some internal quotation marks, and brackets omitted). However, "no prejudicial *Yates* error arises in a situation where the jury 'would have returned a guilty verdict on [a § 924(c) charge] even if it had been instructed' only to consider valid predicate offenses under § 924(c). *United States v. Viera*, No. 21-957-CR, 2022 WL 1468164, at *2 (2d Cir. May 10, 2022) (citing *United States v. Eldridge*, 2 F.4th 27, 39 (2d Cir. 2021)).

8

While a murder conspiracy conviction may not form the predicate for an 18 U.S.C. §924(c)(1)(A) offense following *Davis*, the charged conduct in Count Three was murder conspiracy while engaged in drug trafficking. The murder conspiracy was "inextricably intertwined with" the drug trafficking offense; thus, the verdict against Defendant necessarily rested on that drug trafficking offense. *See United States v. Vasquez*, 672 F. App'x 56, 61 (2d Cir. 2016) (summary order) (rejecting a *Yates* challenge where valid narcotics conspiracy and invalid Hobbs Act robbery conspiracy predicate offenses for a § 924(c) charge were "inextricably intertwined"). Indeed, "where a challenged § 924 verdict undoubtedly rests on a valid drug-trafficking predicate, no *Yates* concern arises from a possible defect in a related 'crime of violence' predicate." *Id.* Defendant's *Yates* claim is thus insufficient to make a substantial showing of the denial of a constitutional right.

## CONCLUSION

For the reasons set forth above, Defendant's motion for a certificate of appealability is DENIED. The Clerk of Court is directed to mail a copy of this Order and an updated copy of the docket report to Defendant.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: August 15, 2022
Brooklyn, New York

9